UNITED STATES of America, Plaintiff–Appellee,

v.

Pedro AVILLA, Defendant–Appellant.

No. 03–41451.
Summary Calendar

United States Court of Appeals, Fifth Circuit.

June 10, 2004.

James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, Mark Michael Dowd, US Attorney's Office, Brownsville, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, Aurora Ruth Bearse, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:*

Pedro Avilla appeals his guilty-plea conviction and sentence for being found in the United States after deportation in violation of 8 U.S.C. § 1326(b). Avilla argues that the district court erred in increasing his offense level by 16 points based on his prior aggravated assault conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Avilla did not object to this enhancement in the district court and, therefore, review is limited to plain error. *See United States v. Rodriguez,* 15 F.3d 408, 414–15 (5th Cir.

---

1994). Because Avilla had a prior conviction for aggravated assault which falls within the definition of a crime of violence under the application notes to § 2L1.2, the 16–level enhancement of Avilla's sentence under § 2L1.2(b)(1)(A) was not error, plain or otherwise. *See* § 2L1.2, comment. (n.1(B)(ii)); *United States v. Ramirez*, 367 F.3d 274, 278 (5th Cir.2004).

For the first time on appeal, Avilla argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in view of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but states that he is raising it to preserve it for further review. *Apprendi* did not overrule *Almendarez–Torres*. *United States v. Hernandez–Avalos*, 251 F.3d 505, 507 & n. 1 (5th Cir.2001). We must follow *Almendarez–Torres* until the Supreme Court overrules it. *Hernandez–Avalos*, 251 F.3d at 507 n. 1.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set fort in 5TH CIR. R. 47.5.4.